Adam E Hauf, Esq. (026702)
HAUF LAW PLC
4225 W. Glendale, Ste. A104
Phoenix, Arizona 85051
Telephone: (623) 252-0742
admin@hauflaw.com
Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Chapter 11 Proceedings |
| | Case No.: 2:10-bk-05866-GBN |
| **JOHN WILLIAM DOVGAN**, | |
| Debtor | **MOTION TO REOPEN CHAPTER 11 CASE AND MOTION TO DISCHARGE INDIVIDUAL DEBTOR DUE TO PLAN COMPLETION** |

COMES NOW the Debtor, John William Dovgan, by and through his attorneys undersigned for the purpose of moving this Court to reopen this case in order to grant Debtor his discharge and his Motion to Discharge this Individual Debtor in accordance with the provisions of section 1141(d)(5) of Title 11, United States Code, (the Bankruptcy Code).

This Motion is supported by the attached Memorandum of Points and Authorities and the pleadings and records of this case.

RESPECTFULLY SUBMITTED this 25th day of August, 2016.

                                            **HAUF LAW PLC**

                                            /s/ Adam E. Hauf
                                            Adam E. Hauf, Esq.
                                            Attorney for Debtors

1

# MEMORANDUM OF POINTS AND AUTHORITIES

**I- BACKGROUND**

1. Debtor filed a Voluntary Petition for Relief under the provisions of Chapter 11 of the Bankruptcy Code (the "Code") on the 5rd day of March. 2010.

2. Debtor filed his Original Disclosure Statement and Original Plan of Reorganization on the 2nd day of May, 2011.

3. Debtor filed his First Amended Disclosure Statement and First Amended Plan of Reorganization on the 25th day of April 2012.

4. Debtor's First Amended Disclosure Statement was approved by the Court in its Order of June 22, 2012 and a Confirmation Hearing was set for August 2, 2012, with Ballots, Reponses and Objections due by July 26, 2012.

5. Objections by Creditors and the United States Trustee to the First Amended Plan were filed and Debtor filed his Responses thereto. After several hearings and continuances the Court confirmed Debtors First Amended Plan of Reorganization with certain amendments in its Order Confirming First Amended Plan of Reorganization on December 18, 2012.

6. Debtor filed and properly noticed his Motion for Final Decree on May 23, 2013 and as requested the Court granted the relief prayed for by entering its Order Granting Motion for Final Decree on June 18, 2013.

7. Debtor, as provided in the confirmation order, has paid the unsecured creditors the amount provided in said Order and in addition has satisfied the secured obligations remaining after confirmation.

8. The Final Decree provides that when the Debtor moves to reopen the case for the purpose of obtaining a discharge he will file a post confirmation report, attesting the completion of payments to unsecured creditors. Debtor on even date herewith has filed such Post Confirmation Report. Such Final Decree also provides that at such time as Debtor has

2

paid the unsecured debt provided for in the Plan of Reorganization he may request the case to be reopened in order to obtain a discharge in bankruptcy.

**II-LEGAL ARGUMENT**

Section 1141 of the Code describes the effect of confirmation of the plan of reorganization. When the plan is confirmed, the provisions on the entities listed in Section 1141(a), property vests in the debtor free of claims and interests, and, with certain exceptions, the debtor receives a discharge. In the case of an individual chapter 11 debtor, as is the case herein, Section 114l (d)(5) provides in part as follows:

> (5) In a case in which the debtor is an individual-
>
>     (A) unless after notice and a hearing the court orders otherwise for cause, confirmation of the plan does not discharge any debt provided for in the plan until the court grants a discharge on completion of all payments under the plan.

Section 1141 (d)(5)(B) relates to the ability of, after notice and hearing, an individual debtor in a chapter 11 to obtain a discharge prior to payment in full of the unsecured debt as provided for in the plan of reorganization. The need for such an early discharge is unnecessary herein based upon the Debtor's payment in full of the unsecured creditors in accordance with the provisions of the plan of reorganization and the Order of Confirmation.

The Final Decree entered by this Court makes it clear that the Debtor may reopen this case in order to obtain his discharge at such time as he has paid the unsecured creditors as provided for in the Plan of Reorganization. The Debtor, as evidenced by the final post confirmation report attesting the completion of payment of unsecured creditors, has completed the requirement of payment as provided for in Section 1141(d)(5) and has requested this Court to grant him his discharge in bankruptcy.

Wherefore the Debtor respectfully requests this Court to:

(a) reopen this case for the purpose of allowing the Debtor to obtain his discharge in bankruptcy;

3

(b) grant the Debtor his discharge in bankruptcy as provided for in Section 1141(d)(5) of the Code; and

(c) such other and further relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 25th day of August, 2016.

**HAUF LAW PLC**

/s/ Adam E. Hauf
Adam E. Hauf, Esq.
Attorney for Debtors

Original filed this 25th
day of August, 2016,

Copy of the foregoing Motion
mailed this 25th day of August, 2016, to:

U. S. Bankruptcy Trustee
230 N. First Avenue
Phoenix, AZ 85003

All creditors and interested
parties pertaining to this
Bankruptcy case.

By: /s/ Deanna Cresta
       Deanna Cresta